# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# AT SOUTH BEND

| | |
|---|---|
| **VINCENT AND SHANNON POLIVKA**<br>11004 E Betony Drive<br>Scottsdale, Arizona 85255<br><br>**Plaintiffs,**<br><br>v.<br><br>**THOR MOTOR COACH, INC.**<br>C/O Ct Corporation System, S/A<br>334 North Senate Avenue<br>Indianapolis, Indiana 46204<br><br>and<br><br>**CHENG USA, INC.**<br>dba WFCO Technologies<br>dba WFCO Electronics<br>dba WFCO<br>dba Arterra Distribution<br>2021 Aeroplex Drive North<br>Elkhart, Indiana 46514<br><br>and<br><br>**FIREFLY INTEGRATIONS, LLC**<br>C/O Leon Bontrager, S/A<br>1013 Elroy Drive<br>Middlebury, Indiana 46540<br><br>**Defendants.** | Case No.: 3:23-cv-748<br><br>Judge:<br><br>**COMPLAINT AND JURY DEMAND** |

Pursuant to the Federal Rules of Civil Procedure, Plaintiffs Vincent and Shannon Polivka assert the following for their Complaint.

## JURISDICTION AND VENUE

1. This case involves a recreational vehicle that suddenly burst into flames while parked in the driveway of Vincent and Shannon Polivka ("the Polivkas"), thereby destroying itself as well as the Polivkas' other property.

2. Vincent and Shannon Polivka are both residents and citizens of the State of Arizona.

3. Defendant Thor Motor Coach, Inc. ("Thor") is a Delaware corporation with its principal place of business in Indiana. For purposes of diversity jurisdiction, Thor is a citizen of the States of Delaware and Indiana.

4. Thor's headquarters and factories are located in and around Elkhart County, Indiana.

5. The Thor product that is the subject of this action, a 2020 Thor Challenger 35MQ, identified as VIN: 1F66F5DYK0A11190 ("the Challenger 35MQ" or "the subject vehicle"), was designed, manufactured, and distributed by Thor from its facilities in Elkhart County, Indiana.

6. Defendant Cheng USA, Inc., dba WFCO Technologies, dba WFCO Electronics, dba WFCO, dba Arterra Distribution ("WFCO") is a California corporation with its principal place of business in California. For purposes of diversity jurisdiction, WFCO is a citizen of the State of California.

7. WFCO's warehouse, distribution, and service operations are located in Elkhart, Indiana.

8. The WFCO product that is the subject of this action, a converter ("the WFCO Converter"), was sold and delivered to Thor from this facility, and installed in the RV by Thor.

9. Defendant Firefly Integrations, LLC ("Firefly") is an Indiana limited liability corporation with it is principal place of business in Indiana. For purposes of diversity jurisdiction, Firefly is a citizen of the State of Indiana.

10. Firefly's headquarters and operations are located in Middlebury, Indiana.

11. The Firefly product that is the subject of this action, a Circuit panel / modules ("the Firefly Circuit Panel"), was sold and delivered to Thor from this facility, and installed in the RV by Thor.

12. Thor, Firefly, and WFCO reside within this judicial district, making venue proper under 28 U.S.C. § 1391(b)(1).

13. A substantial part of the events or omissions giving rise to the claim occurred within this judicial district, making venue proper under 28 U.S.C. § 1391(b)(2).

14. This dispute is between citizens of different states and the amount in controversy is more than $75,000. Accordingly, this Court has diversity jurisdiction under 28 U.S.C. § 1332.

## FACTS

15. On January 24, 2020, the Polivkas contracted to purchase the Challenger 35MQ for $136,250 from Lazydays RV, an authorized dealer of Thor vehicles located in Aurora, Colorado.

16. From January 24, 2020 until August 12, 2021, the Polivkas used the Challenger 35MQ for its ordinary purposes.

17. On August 12, 2021, the Polivkas' Challenger 35MQ was parked in the driveway of their home in Fountain Hills, Arizona when it suddenly burst into flames.

18. Before it could be extinguished, the fire destroyed the Polivkas' Challenger 35MQ along with other personal property of the Polivkas in or near it at that time.

## FIRST CLAIM: PRODUCT LIABILITY AGAINST THOR

19. Thor designed, manufactured, and warranted the Polivkas' Challenger 35MQ at its factory in Wakarusa, Indiana and/or other facilities in Elkhart County, Indiana.

20. Thor sold the Challenger 35MQ to Lazydays RV for resale to persons such as the Polivkas.

21. Thor is engaged in the business of selling motor homes, travel trailers, and other products for resale, use, or consumption.

22. Thor is a "seller" within the meaning of Indiana's Product Liability Act, which is codified at Ind. Code § 34-20-2-1, *et seq.*

23. Thor is a "manufacturer" within the meaning of Indiana's Product Liability Act, which is codified at Ind. Code § 34-20-2-1, *et seq.*

24. The Polivkas' Challenger 35MQ was unreasonably dangerous in that it suddenly burst into flames while parked in their driveway.

25. The Polivkas did not expect their Challenger 35MQ to suddenly burst into flames while parked in their driveway. Likewise, no reasonable person would have expected a recreational vehicle such as the Polivkas' Challenger 35MQ to suddenly burst into flames while parked.

26. The Polivkas' Challenger 35MQ had various warranty repairs performed on it at a Thor authorized dealer, but was not otherwise altered or modified from its condition on the date of its delivery to the Polivkas.

27. The Polivkas' Challenger 35MQ was in a defective condition both at the time of its delivery to the Polivkas and at the time it suddenly burst into flames while parked in their driveway.

28. The damages suffered by the Polivkas resulted directly from the defective condition of the Challenger 35MQ.

## SECOND CLAIM: PRODUCT LIABILITY AGAINST WFCO

29. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

30. WFCO designed, manufactured and warranted the converter installed in the Polivkas' Challenger 35MQ ("the WFCO Converter").

31. WFCO sold and supplied the WFCO Converter to Thor from its facility in Elkhart, Indiana.

32. WFCO is engaged in the business of selling converters and other components for motor homes, travel trailers, and recreational vehicles for resale, use, or consumption.

33. WFCO is a "seller" within the meaning of Indiana's Product Liability Act, which is codified at Ind. Code § 34-20-2-1, *et seq.*

34. WFCO is a "manufacturer" within the meaning of Indiana's Product Liability Act, which is codified at Ind. Code § 34-20-2-1, *et seq.*

35. The WFCO Converter in the Polivkas' Challenger 35MQ was unreasonably dangerous in that it suddenly burst into flames while the vehicle the parked in their driveway.

36. The Polivkas did not expect the WFCO Converter in the Polivkas' Challenger 35MQ to suddenly burst into flames while the vehicle was parked in their driveway. Likewise, no reasonable person would have expected the converter installed in a recreational vehicle to suddenly burst into flames while the vehicle was parked.

37. The WFCO Converter in the Polivkas' Challenger 35MQ was in a defective condition both at the time of sale and at the time it suddenly burst into flames while the vehicle was parked in their driveway.

38. The damages suffered by the Polivkas resulted directly from the defective condition of the WFCO Converter installed in the Polivkas' Challenger 35MQ.

## THIRD CLAIM:
## BREACH OF WARRANTY AND/OR CONTRACT AGAINST WFCO

39. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

40. WFCO provided an express warranty on the WFCO Converter installed in the Polivkas' Challenger 35MQ ("the WFCO Warranty").

41. WFCO also provided implied warranties on the WFCO Converter such as the implied warranty of merchantability.

42. The WFCO Converter did not conform to the terms of the WFCO Warranty or the implied warranty of merchantability inasmuch as it was defective, malfunctioned, and caused the fire that destroyed the Polivkas' Challenger 35MQ and other property.

44. As a direct and proximate result of the circumstances described above, WFCO has breached the WFCO Warranty.

45. The damages suffered by the Polivkas resulted directly from WFCO's breach of the WFCO warranties, both express and implied.

**FOURTH CLAIM:**
**VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**
**BY WFCO**

46. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

47. The WFCO Converter is an item of tangible personal property.

48. The WFCO Converter was used by the Polivkas, and is normally used, for personal, family, or household purposes.

49. The WFCO Warranty is a written warranty.

50. The WFCO Converter was transferred to the Polivkas, as part of the RV, within the duration of the WFCO Warranty.

51. As a direct and proximate result of the circumstances described above, WFCO has breached its obligations under the Magnuson-Moss Warranty Act.

52. The damages suffered by the Polivkas resulted directly from WFCO's violation of the Magnuson-Moss Warranty Act.

## FIFTH CLAIM:
## PRODUCT LIABILITY AGAINST FIREFLY

53. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

54. Firefly designed and manufactured a Circuit panel installed in the Polivkas' Challenger 35MQ ("the Firefly Circuit Panel").

55. Firefly sold and supplied the Firefly Circuit Panel to Thor from its facility in Middlebury, Indiana.

56. Firefly is engaged in the business of selling Circuit panels and other components for motor homes, travel trailers, and recreational vehicles for resale, use, or consumption.

57. Firefly is a "seller" within the meaning of Indiana's Product Liability Act, which is codified at Ind. Code § 34-20-2-1, *et seq.*

58. Firefly is a "manufacturer" within the meaning of Indiana's Product Liability Act, which is codified at Ind. Code § 34-20-2-1, *et seq.*

59. The Firefly Circuit Panel in the Polivkas' Challenger 35MQ was unreasonably dangerous in that it suddenly burst into flames while the vehicle the parked in their driveway.

60. The Polivkas did not expect the Firefly Circuit Panel in the Polivkas' Challenger 35MQ to suddenly burst into flames while the vehicle was parked in their driveway. Likewise, no reasonable person would have expected a Circuit panel installed in a recreational vehicle to suddenly burst into flames while the vehicle parked.

61. The Firefly Circuit Panel in the Polivkas' Challenger 35MQ was in a defective condition both at the time of sale and at the time it suddenly burst into flames while the vehicle was parked in their driveway.

62. The damages suffered by the Polivkas resulted directly from the defective condition of the Firefly Circuit Panel installed in the Polivkas' Challenger 35MQ.

## SIXTH CLAIM:
## BREACH OF WARRANTY AND/OR CONTRACT
## AGAINST FIREFLY

63. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

64. Firefly provided an express warranty on the Firefly Circuit Panel installed in the Polivkas' Challenger 35MQ ("the Firefly Warranty")

65. Firefly also provided implied warranties, including the implied warranty of merchantability, which were not limited in duration. See 15 USC 2308(a); 15 USC 2308(c).

66. The Firefly Circuit Panel did not conform to the terms of the Firefly Warranty or the implied warranty of merchantability inasmuch as it was defective, malfunctioned, and caused the fire that destroyed the Polivkas' Challenger 35MQ and other property.

67. As a direct and proximate result of the circumstances described above, Firefly has breached the Firefly Warranty.

68. The damages suffered by the Polivkas resulted directly from Firefly's breach of the Firefly Warranty.

## SEVENTH CLAIM:
## VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT

69. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

70. The Firefly Circuit Panel is an item of tangible personal property.

71. The Firefly Circuit Panel was used by the Polivkas, and is normally used, for personal, family, or household purposes.

72. The Firefly Warranty is a written warranty.

73. The Firefly Circuit Panel was transferred to the Polivkas, as part of the RV, within the duration of the Firefly Warranty.

74. As a direct and proximate result of the circumstances described above, Firefly has breached its obligations under the Magnuson-Moss Warranty Act.

75. The damages suffered by the Polivkas resulted directly from Firefly's violation of the Magnuson-Moss Warranty Act.

## EIGHTH CLAIM: NEGLIGENCE AGAINST ALL DEFENDANTS

76. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

77. Thor had an obligation to use reasonable care in the design, manufacture, installation, distribution, sale, inspection, and/or service of the Polivkas' Challenger 35MQ.

78. Thor failed to use reasonable care in the design, manufacture, installation, distribution, sale, inspection, and/or service of the Polivkas' Challenger 35MQ.

79. WFCO had an obligation to use reasonable care in the design, manufacture, installation, distribution, sale, inspection, and/or service of the WFCO Converter in the Polivkas' Challenger 35MQ.

80. WFCO failed to use reasonable care in the design, manufacture, installation, distribution, sale, inspection, and/or service of the WFCO Converter in the Polivkas' Challenger 35MQ.

81. Firefly had an obligation to use reasonable care in the design, manufacture, installation, distribution, sale, inspection, and/or service of the Firefly Circuit Panel in the Polivkas' Challenger 35MQ.

82. Firefly failed to use reasonable care in the design, manufacture, installation, distribution, sale, inspection, and/or service of the Firefly Circuit Panel in the Polivkas' Challenger 35MQ.

83. The damages suffered by the Polivkas resulted directly from Thor and/or Firefly and/or WFCO's failure to use reasonable care in the design, manufacture, installation, distribution, sale, inspection, and/or service of the Challenger 35MQ and/or the WFCO Converter and/or the Firefly Circuit Panel.

**WHEREFORE**, Plaintiff Vincent and Shannon Polivka hereby demand judgment in their favor and against Defendant Thor Motor Coach, Inc. and Defendant WFCO Electronics as follows: monetary damages in an amount in excess of $75,000 as proven at trial and/or deemed proper by the Court; costs; expenses of suit and litigation; pre-judgment interest; post-judgment interest; attorney fees; and other legal or equitable relief proven at trial and/or deemed proper by the Court.

Plaintiffs Vincent and Shannon Polivka hereby demand trial by jury on all claims and issues herein.

Respectfully submitted,

*/s/ Matthew E. Stubbs*
Elizabeth Ahern Wells
Matthew E. Stubbs
BURDGE LAW OFFICE CO. LPA
8250 Washington Village Drive
Dayton, Ohio 45458
Phone:      (937) 432-9500
Fax:        (937) 432-9503
Email:      Beth@BurdgeLaw.com
            Matt@BurdgeLaw.com

*Attorneys for Plaintiffs Vincent and Shannon Polivka*